IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| RICHARD SIMMS, | ) | CIVIL NO. 06-00669 HG-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY AND COUNTY OF HONOLULU POLICE DEPARTMENT, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO AMEND THE RULE 16 SCHEDULING ORDER AND EXTEND THE DISPOSITIVE MOTIONS CUT-OFF DATE**

On October 26, 2007, Defendants City and County of Honolulu ("the City"), Boisse Correa, Chief of Police, and Lyle Fleck, Police Officer (collectively "Defendants") filed the instant Motion to Amend the Rule 16 Scheduling Order and Extend the Dispositive Motions Cut-off Date ("Motion"). Plaintiff Richard Simms ("Plaintiff") did not respond to the Motion. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion and the relevant legal authority, Defendants' Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

Plaintiff filed his original complaint on December 20, 2006 against the City and County of Honolulu Police Department

("HPD"), Correa, and Fleck (collectively "Original Defendants"). Plaintiff alleged that Fleck arrested him without probable cause and used excessive force.  Plaintiff alleged that HPD and Correa failed to properly supervise Fleck and others.  The Complaint alleged the following causes of action: 1) Eighth Amendment claim under section 1983 ("Cause of Action I"); 2) Fourteenth Amendment due process and equal protection claim under section 1983 and Fourth Amendment ("Cause of Action II"); 3) negligent abuse of authority; failure to supervise - Eighth and Fourteenth Amendment claim under section 1983 ("Cause of Action III"); 4) deliberate indifference - Eighth, Sixth, and Fourteenth Amendment claim under section 1983 ("Cause of Action IV"); 5) pattern of conduct - Eighth and Fourteenth Amendment claim under section 1983 ("Cause of Action V"); 6) false arrest - pendent state claim ("Cause of Action VI"); 7) negligence - pendent state claim ("Cause of Action VII"); 8) assault and battery ("Cause of Action VIII"); and 9) punitive damages ("Cause of Action IX").

On April 3, 2007, HPD filed a motion to dismiss the complaint for failure to state a claim ("4/3/07 Motion to Dismiss").  The district judge orally granted the 4/3/07 Motion to Dismiss at the May 14, 2007 hearing and gave Plaintiff until June 12, 2007 to amend his complaint.[1]  On June 14, 2007, the

---

[1] In accordance with the district judge's ruling at the hearing, Plaintiff filed a First Amended Complaint on June 12,
(continued...)

district judge issued a written order denying the 4/3/07 Motion to Dismiss.  The district judge dismissed Plaintiff's original complaint against HPD, with leave to amend, on the ground that Plaintiff cannot bring suit against HPD alone.  The district judge ruled that Plaintiff's allegations of municipal liability based on Original Defendants' unconstitutional conduct which conformed to a policy or custom were sufficient to pass the pleading stage, but that he had not sufficiently pled a claim based on failure to train/deliberate indifference.  The district judge instructed Plaintiff that he should eliminate his allegations that Original Defendants' failure to train was negligent and assert allegations consistent with deliberate indifference.  Finally, the district judge ruled that Plaintiff had not sufficiently alleged constitutional violations.  The district judge also noted that Plaintiff conceded that he was not entitled to punitive damages against the City or HPD.

      The district judge stated that she would dismiss Plaintiff's claims against HPD if Plaintiff did not amend the complaint to add the City as a defendant.  The district judge dismissed Cause of Action IX with prejudice against HPD.  The district judge also dismissed Causes of Action I, II, III, IV, and V with prejudice as to HPD insofar as they were based upon

---

[1](...continued)
2007.

the alleged violation of Plaintiff's Sixth Amendment right to a speedy trial and his Eighth Amendment right to be free from cruel and unusual punishment.[2]  The district judge dismissed the remainder of Causes of Action I, II, III, IV, and V without prejudice as to HPD.  The district court stated that Plaintiff could amend his complaint to allege a Fourth Amendment false arrest/excessive force claim and a Fourteenth Amendment equal protection claim pursuant to § 1983.  The district judge gave Plaintiff until July 9, 2007 to amend his complaint.

      Plaintiff filed his Second Amended Complaint on July 9, 2007.  The Second Amended Complaint alleged the following claims: 1) Fourth Amendment claim under § 1983 ("Cause of Action I"); 2) Fourteenth Amendment due process and equal protection claim under § 1983 and the Fifth Amendment ("Cause of Action II"); 3) negligent abuse of authority; failure to supervise - First, Fourth, Fifth and Fourteenth Amendment claim under § 1983 ("Cause of Action III"); 4) deliberate indifference - First, Fourth, Fifth and Fourteenth Amendment claim under § 1983 ("Cause of Action IV"); 5) pattern of conduct - First, Fourth, Fifth and Fourteenth Amendment claim under § 1983 ("Cause of Action V"); 6) false arrest - pendent state claim ("Cause of Action VI"); 7) wanton and reckless conduct - pendent state claim ("Cause of

---

[2] The district judge also instructed Plaintiff that the claims dismissed with prejudice could not be brought against the City.

Action VII"); 8) assault and battery ("Cause of Action VIII"); and 9) punitive damages ("Cause of Action IX").

On August 14, 2007, Defendants filed their amended motion to dismiss the Second Amended Complaint ("8/14/07 Motion to Dismiss").  The 8/14/07 Motion to Dismiss sought dismissal of the claims against HPD with prejudice for failure to state a claim and dismissal of the claims against Correa and Fleck for failure to effect proper service.  According to the minutes for the October 1, 2007 hearing, the 8/14/07 Motion to Dismiss was granted in part and denied in part, and the district judge extended the dispositive motions deadline until October 25, 2007.  The district judge also stated that she would prepare a written order.  As of date, however, the district judge has not issued the written order.

In the instant Motion, Defendants state that, at the hearing on the 8/14/07 Motion, the district judge denied the motion on the service issue.  The district judge stated that Plaintiff had improved upon his previous pleadings and the written order would identify which claims Plaintiff had sufficiently pled.  Defendants argue that, despite counsel's diligent efforts, they cannot discern which claims Plaintiff properly pled against which defendants.  They argue that they cannot prepare dispositive motions until the district judge issues the order identifying Plaintiff's remaining claims.

Defendants therefore assert that there is good cause to amend the scheduling order.  Defendants state that they brought the Motion in good faith and that they did not bring the Motion to delay the case or for any other improper purpose.

## **DISCUSSION**

A scheduling order "shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge." Fed. R. Civ. P. 16(b).  The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion.  See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

Defendants submit that they cannot begin to draft dispositive motions in this matter because, without the district judge's written order, they are without knowledge as to which of Plaintiff's claims remain.  The minutes for the October 1, 2007 hearing are to be superceded by the district judge's written order.  [Minutes, filed 10/2/07 (Doc. No. 55).]  Thus, this Court finds that the pretrial schedule cannot be reasonably met despite Defendants' diligence and modifies the Rule 16 Scheduling Order by continuing the trial date to **June 24, 2008**.  The dispositive

motions deadline, and all other deadlines which were unexpired at the time Defendants filed the instant Motion, shall also be continued in accordance with the new trial date.

## CONCLUSION

On the basis of the foregoing, Defendants' Motion to Amend the Rule 16 Scheduling Order and Extend the Dispositive Motions Cut-off Date, filed October 26, 2007, is HEREBY GRANTED. The Court will issue an Amended Rule 16 Scheduling Order setting forth the new trial date and deadlines.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, November 29, 2007.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**RICHARD SIMMS V. CITY AND COUNTY OF HONOLULU, ET AL; CIVIL NO. 06-00669 HG-LEK; ORDER GRANTING DEFENDANTS' MOTION TO AMEND THE RULE 16 SCHEDULING ORDER AND EXTEND THE DISPOSITIVE MOTIONS CUT-OFF DATE**