IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD SIMMS | ) | CIVIL NO. 06-00669 HG-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY AND COUNTY OF HONOLULU, a municipal corporation; LLYLE FLECK, Police Officer; JOHN DOES 1-10, Police Officers; | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |

**ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF'S SECTION 1983 CLAIMS AGAINST THE CITY AND COUNTY OF HONOLULU**

Plaintiff Richard Simms, an African-American male, alleges a myriad of constitutional violations, pursuant to 42 U.S.C. § 1983, against the City and County of Honolulu Police Department, its Chief of Police, and police officer, Llyle Fleck in connection with a trespassing incident. Plaintiff contends, among other things, that Officer Fleck falsely arrested and used excessive force against him and discriminated against him because of his race. Plaintiff contends that the City and County of Honolulu Police Department has an informal policy or custom of ignoring such unconstitutional actions. Before the Court is the City and Count of Honolulu's Motion for Partial Summary Judgment

1

on Plaintiff's Section 1983 claims.  For the reasons set forth below, the City's Motion for Partial Summary Judgment as to Plaintiff's Section 1983 claims is GRANTED.

On June 13, 2007, the Court entered an "Order Granting Defendant City and County of Honolulu Police Department's Motion to Dismiss" ("Order", Doc. 31.).  The Court found that Plaintiff's allegation of a municipal policy or custom satisfied the "bare allegation" standard required to plead a 42 U.S.C. § 1983 claim, but that Plaintiff had not sufficiently alleged underlying constitutional violations to support such a claim. The Court dismissed all causes of action as to the City and County of Honolulu, but gave Plaintiff leave to "amend his Complaint to bring a Fourth Amendment false arrest/excessive force claim pursuant to 42 U.S.C. § 1983."

On July 9, 2007, Plaintiff filed a Second Amended Complaint. Plaintiff's Second Amended Complaint alleged the following causes of action:

**CAUSE OF ACTION I** - "Fourth Amendment Claim Under Section 42 U.S.C. § 1983"

**CAUSE OF ACTION II** - "Fourteenth Amendment Due Process and Equal Protection under Section 1983 and Fifth Amendment"

**CAUSE OF ACTION III** - "Negligent Abuse of Authority; Failure to Supervise First, Fourth, Fifth and Fourteenth Amendment claim

2

under Section 1983"

**CAUSE OF ACTION IV** - "First, Fourth, Fifth, and Fourteenth Amendment Claim Under Section 1983"

**CAUSE OF ACTION V** - "Pattern of Conduct: First, Fourth, Fifth, and Fourteenth Amendment Claim under Section 1983"

**CAUSE OF ACTION VI** - "False Arrest - Pendant State Claim"

**CAUSE OF ACTION VII** - "Wanton and Reckless Conduct - Pendent State Claim"

**CAUSE OF ACTION VIII** - "Assault and Battery"

**CAUSE OF ACTION IX** - "Punitive Damages"

On July 19, 2007, Defendants filed a motion to dismiss the action against the City and County of Honolulu ("City") for failure to state a claim and against Defendants Boisse Correa and Llyle Fleck ("Fleck") for failure to properly effect service upon them, which Defendants amended on August 14, 2007. (Doc. 35, 41.) On September 12, 2007, Plaintiff filed a memorandum in opposition (Doc. 50) and on September 20, 2007, Defendants filed a reply. (Doc. 52.)

On October 2, 2007, the Court entered a Minute Order granting in part and denying in part Defendant City and County of Honolulu's Amended Motion to Dismiss for Failure to State a Claim and for Failure to Effect Proper Service. (Doc. 55.)

On December 20, 2007, the Court entered a full written Order granting in part and denying in part Defendants' Motion to Dismiss.  (Doc. 84.)  After the Court's December 20, 2007 Order, the following claims remained: (1) a Section 1983 claim against Fleck for false arrest and excessive force in violation of the Fourth Amendment and accompanying claim against the City for an unconstitutional policy, custom, or practice; (2) a Section 1983 claim against Fleck for violation of his equal protection rights under the Fourteenth Amendment and accompanying claim against the City for an unconstitutional policy, custom, or practice; (3) common law false arrest against Fleck and the City (based on respondeat superior); (4) common law malicious prosecution against Fleck and the City (based on respondeat superior); and (5) assault and battery against Fleck and the City (based on respondeat superior).

On February 12, 2008, Defendant City and County of Honolulu filed a Motion for Partial Summary Judgment  ("Partial Summary Judgment Motion", Doc. 92), along with a separate and concise statement of facts in support.  (Doc. 93.)

On March 11, 2008, Plaintiff Simms filed a Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment (Doc. 96), along with a concise counter-statement of facts in opposition to Defendants' Motion for Partial Summary Judgment. (Doc. 98.)  On that same date, Defendant also filed a Motion for

4

Enlargement of Time to Produce Relevant Evidence in Opposition to Defendant City and County of Honolulu's Motion for Summary Judgment.  ("Rule 56(f) Motion"), Doc. 97.)  On March 25, 2008, Plaintiff filed a supplemental declaration of counsel and errata (Doc. 108) and a declaration of Plaintiff Simms in opposition to Defendants' Motion for Partial Summary Judgment.  (Doc. 111.)

On March 31, 2008, the Court held a hearing on the parties' motions and, by Minute Order, granted Plaintiff's Rule 56(f) Motion and took Defendants' Motion for Partial Summary Judgment under submission.  (Doc. 113.)  The Court further ordered that the City and County of Honolulu respond to certain of Plaintiff's discovery requests and gave the parties additional time to file supplemental briefs after the exchange of discovery.

On May 5, 2008, Plaintiff filed a "Supplemental Declaration of Counsel") (Doc. 115) and "Supplemental Declaration in Opposition to Defendant City and County of Honolulu's Motion for Summary Judgment filed February 12, 2008."  (Doc. 116.)

On May 12, 2008, Defendant City and County of Honolulu filed a reply.  (Doc. 118.)

## BACKGROUND

For purposes of its Motion for Partial Summary Judgment, Defendant City and County of Honolulu takes, as true, the allegations in Plaintiff' Second Amended Complaint regarding the

incident which occurred on December 25, 2004.

**A.    The Incident**

The Court set forth Plaintiff's allegations in its December 20, 2007 Order[1] and reproduces such allegations here:

Plaintiff is an African-American male.  (Second Amended Compl. ¶ 1.)  On December 25, 2004, Plaintiff went to Aaxtion Video, an adult video store, in the City and County of Honolulu, Hawaii. (<u>Id.</u> at ¶ 9.) Plaintiff paid for and began watching an adult video in a booth at Aaxtion Video.  (<u>Id.</u> at ¶ 10.)  The clerk working at Aaxtion Video at the time told the Plaintiff to turn down the volume in the booth. (<u>Id.</u>)  A verbal argument ensued.  (<u>Id.</u>)  The clerk turned off the video without giving Plaintiff a refund.  (<u>Id.</u>)  The clerk then called the Honolulu Police Department ("HPD").  (<u>Id.</u> at ¶ 11.)

Defendant Llyle Fleck and other police officers arrived at the video store.  (<u>Id.</u> at ¶ 12.)  Defendant Fleck and the other police officers "informed the Plaintiff that he was barred from entry 'trespassed' from Aaxtion Video for a period of one year." (<u>Id.</u> at ¶ 13.)  Defendant Fleck then followed Plaintiff as he was walking away from Aaxtion Video. (<u>Id.</u> at ¶ 15.)  According to Plaintiff, Defendant Fleck continued to follow and verbally

---

[1] For summary judgment purposes, the facts in the Second Amended Complaint are supported by Plaintiff's Declaration, dated March 30, 2008.

harass him even as he was complying with the trespass warning by walking away.  (<u>Id.</u>)

Plaintiff further contends that Defendant Fleck attempted to agitate and provoke an extended verbal confrontation with Plaintiff, calling him racial slurs.  (<u>Id.</u> at ¶ 16.)  When Plaintiff reached the property of the Ala Moana Hotel, and was off the property of Aaxtion Video, Defendant Fleck grabbed Plaintiff and assaulted him.  (<u>Id.</u> at ¶ 16.)  Plaintiff contends that Defendant Fleck used excessive force on him by grinding Plaintiff's face into the pavement to scar his face.  (<u>Id.</u> at ¶ 18.)  Plaintiff suffered cuts and abrasions to his face, torn shoulder muscles and ligaments, sprains, and numerous cuts and bruises.  (<u>Id.</u> at ¶ 20.)

Plaintiff claims that Defendant Fleck used excessive force and "maliciously charged" him with offenses and "maliciously falsely imprisoned him" in violation of the Fourth Amendment. (<u>Id.</u> at ¶ 21, 27.)

Plaintiff also claims that the HPD has a "policy and practice of assaulting young black males in a discriminatory manner and falsely charging these victims with offenses . . ." (<u>id.</u> at 33) and has failed to adequately train and supervise police officers.  (<u>Id.</u> at 37.)  At the October 1, 2007 hearing, the Plaintiff conceded that he has not alleged sufficient facts to establish municipal liability based on the failure to train or

7

supervise.   Plaintiff's claim against the City is thus based solely on the allegation that Officer Fleck's unconstitutional conduct conformed to an alleged informal policy, custom, or practice of inadequately investigating complaints or of disciplining officers, and not on the failure to train or supervise.

### B.   HPD's Post-Incident Investigation

After the incident, Plaintiff filed Unnecessary Use of Force and Mistreatment of Prisoner complaint with the Honolulu Police Commission based on Officer Fleck's allegedly unlawful conduct of December 25, 2004.   Then-investigator Allen Cluney investigated Plaintiff's complaint and prepared a "Report of Investigation". Mr. Cluney interviewed or obtained witness statements from Plaintiff, Officer Fleck, and HPD Officers Johnny Bang, Kelvin Hayakawa and John Rabago, and Shaylen Young (the Aaxition Adult Video store clerk).   (City SCSF at Exh. E at "Report of Investigation") .   Mr. Cluney also interviewed Ruddy J. Bareng who assisted Officer Fleck in subduing Plaintiff in the back of the Ala Moana Hotel.   (Id.)  Plaintiff complains the Mr. Cluney should have, but did not, interview any of the employees of the Ala Moana Hotel, or the person who called 911 to report the second incident to the police.   (Pl. SCSF at 32, 49.)

In conducting his investigation, Mr. Cluney also obtained copies of Plaintiff's medical records from Queen's Hospital and

took photographs of Plaintiff's facial injuries on December 27, 2004. (<u>Id.</u> at 7.)   Plaintiff takes issue with the fact that Mr. Cluney did not note that the state court granted Simms' motion for acquittal in the trespass case because "Mr. Simms did not re-enter or remain unlawfully on the premises of Action [Aaxtion] Video which is circled on the trespass warning"). (Pl. SCSF at Exh. 5 (Transcript of proceedings in <u>State of Hawaii v. Richard</u> <u>H. Simms</u>, District Court of the First Circuit, Honolulu Division, Report No. 04-521719, filed as part of Supplemental Decl. Of Counsel and Errata, filed March 24, 2008, Doc. 108, at p. 46.)

On February 7, 2005, Mr. Cluney submitted his written report to the Commission. (<u>Id.</u> at 8, City SCSF at Exh. E.)

On March 2, 2005, the Commission exonerated Officer Fleck of Plaintiff's charges "due to evidence indicating that his actions were proper". (Clemente Decl. at 10, City SCSF at Exh. E.)

## **STANDARD OF REVIEW**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). There must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. <u>Nidds v. Schindler Elevator</u> <u>Corp.</u>, 113 F.3d 912, 916 (9th Cir. 1996).

The moving party has the initial burden of "identifying for

the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. The moving party need not produce any evidence at all on matters for which it does not have the burden of proof. Celotex, 477 U.S. at 325. The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. That burden is met simply by pointing out to the district court that there is an absence of evidence to support the nonmovant's case. Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979). The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Nidds, 113 F.3d at 916 (quoting Anderson v.

10

Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party.  State Farm Fire & Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989).

Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed.  Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324.  The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial.  Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630. The opposing party cannot rest on mere allegations or denials. Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994).  Nor can the opposing party rest on conclusory statements.  National Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

### Plaintiff Has Failed to Present Sufficient Evidence of an Informal City Policy of Failing to Investigate or Discipline HPD Officers for Their Allegedly Unconstitutional Actions

Plaintiff alleges that the City has a "policy and practice of assaulting young black males in a discriminatory manner and falsely charging these victims with crimes. . . " (Second Amended Compl. at ¶ 33, 67).  As the City obviously has no such formal policy, Plaintiff's claims are best characterized as alleging the

11

existence of an informal policy or custom of ignoring and failing
to investigate such allegedly unconstitutional actions, or of
failing to implement its civil complaint policy or policies
against use of excessive force and false arrest.  (See id. at ¶
77 ("The Actions of the Decision makers In [sic] this case, the
Honolulu, Police Commission and Police chief Boise Correa, as
well as the immediate supervisors of officer Fleck, in rubber
stamping the officer's conduct, though assaultive of a an
innocent unarmed black male citizen") and ¶ 78 ("And calling such
false arrest and assaultive police conduct where excessive force
was used, appropriate police conduct, after the matters
complained of and brought to their attention is evidence of the
existence of an establish policy custom and practice of looking
the other way and condoning and endorsing . . . ").  According to
Plaintiff, the existence of such a policy implicitly endorses
police officers' excessive use of force and discriminatory
conduct.

Defendant City moves for partial summary judgment with
respect to Plaintiff's Section 1983 false arrest, excessive
force, and equal protection claims on the grounds that Plaintiff
has not identified any unconstitutional policy, custom, or
practice which violated Plaintiff's rights and Plaintiff cannot
produce evidence to substantiate these allegations.  (Motion for
Partial Summary Judgment at 3.)  The City points to several

12

written policies which provide for officer training and establish detailed guidelines for the use of force, for conducting arrests, for prohibiting bias based profiling, and for responding to hate crimes.  (City SCSF at Exhibits A-D.)  The City has also presented various declarations and affidavits from Major Susan Ballard of the HPD, Sergeant Robert E. Burns, Jr., an HPD Sergeant and instructor with the Training Division of the Honolulu Police Academy, and George Clemente, Executive Officer/Chief Investigator of the Honolulu Police Commission, detailing the HPD's system for counseling, retraining, or disciplining officers and for responding to citizen complaints.

The City's primary focus on its formal and written policies regarding citizen complaints, training and discipline, oversimplifies the issues presented by Plaintiff's assertions of unconstitutional conduct in this case.  In this case, Plaintiff is not challenging HPD's actual written policy or complaint system.  See Fiacco v. City of Rensselaer, 783 F.2d 319-21 (1st Cir. 1986) (upholding jury finding of municipal policy of deliberate indifference where there were no written departmental rules regarding the use of force and no written civilian complaint procedure).  Instead, the question before the Court is whether Plaintiff has presented sufficient evidence that the City has an *informal* policy or custom of failing to investigate or discipline HPD officers for conducting false arrests and/or for

13

using excessive force.  See Gomez v. Vernon, 255 F.3d 1118, 1127 (9th Cir. 2001) (citing Larez, 946 F.2d at 647)).  ("A policy or custom may be found either in an affirmative proclamation of policy or in the failure of an official 'to take any remedial steps after the violations.'").

Generally, "to prevail on their § 1983 claims, plaintiffs must have sufficiently alleged that: (1) they were deprived of their constitutional rights by defendants and their employees acting under color of state law; (2) that the defendants have customs or policies which " 'amount[ ] to deliberate indifference'" to their constitutional rights; and (3) that these policies are the " 'moving force behind the constitutional violation[s].'"  Lee v. City of Los Angeles, 250 F.3d 668, 681-682 (9th Cir. 2001) (quoting Oviatt v. Pearce, 954 F.2d at 1473, 1477 (9th Cir. 1992) (quoting City of Canton, 489 U.S. at 389-91).  "[D]eliberate indifference to a person's constitutional rights occurs when the need for more or different action 'is so obvious, and the inadequacy [of the current procedure] so likely to result in the violation of constitutional rights, that the policymakers ... can reasonably be said to have been deliberately indifferent to the need.' Whether a local government entity has displayed a policy of deliberate indifference is generally a question for the jury."  Id. (quoting Oviatt, 954 F.3d at 1477-78 (quoting City of Canton, 489 U.S. at 390, and citing Davis v.

14

Mason County, 927 F.2d 1473, 1482 (9th Cir. 1991) (emphasis original).  The failure to adequately implement a policy may form the basis of municipal liability if the failure in itself constitutes a policy of deliberate indifference.  See Berry v. Baca, 379 F.3d 764, 768 (9th Cir. 2004).

A plaintiff "may attempt to prove the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded." Gillette v. Delmore, 979 F.2d 1342, 1349 (9th Cir. 1992);  See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

Because Plaintiff has not presented evidence that HPD's formal policies themselves are inadequate, Plaintiff must point to evidence that the HPD's failure to implement its disciplinary and civilian complaint policies amount to deliberate indifference with regard to Plaintiff's constitutional rights.  See Harry A. v. Duncan, 351 F.Supp.2d 1060, 1070 (D. Mont. 2005) ("The failure to implement the policy must amount to deliberate indifference.")

In support of his argument, Plaintiff relies on: (1) HPD's internal investigation of his own complaint, arguing that the

HPD's Office of Internal Affairs did not adequately investigate his complaint and that Officer Fleck should have been, but was not, disciplined for his allegedly unlawful conduct; (2) a list of civil lawsuits filed in federal court and civilian complaints filed with HPD's Office of Internal Affairs alleging assault, false arrest, and/or excessive force and filed in the past five years.  The internal investigations usually exonerated the officers, which Plaintiff contends, raises an issue of fact regarding the adequacy of the City's investigations and disciplinary procedures; and (3) Officer Flecks' disciplinary record.

### *Honolulu Police Commission's Investigation of Plaintiff's Complaint*

Plaintiff contends that the Honolulu Police Commission's investigation of his complaint was inadequate because the investigator failed to interview certain witnesses to the incident, in particular, the 911 caller, and the investigation failed to take into account past lawsuits against Officer Fleck and his disciplinary record.

The alleged inadequacy of the investigation of Plaintiff's complaint is insufficient to create an issue of fact as to whether the City has an informal policy of failing to properly investigate or discipline its officers.  While the Court believes that the investigator should have contacted the 911 caller (if

16

the identify of such person was known), noted that the state
court found that Simms did not return to or remain on the video
store property after receiving the trespass warning, and noted
Officer Flecks' past disciplinary record, such evidence alone is
insufficient to establish the *City's* liability in a Section 1983
action.   Liability for an improper policy cannot be based on a
single incident.   See, e.g., Trevino, 99 F.3d at 918; see also
Meehan v. Los Angeles County, 16 856 F.2d 102, 107 (9th Cir.
1998) (two incidents insufficient to establish a custom).
Further, municipal liability under § 1983 requires "something
more" than a failure to reprimand.   See Edenfield v. Estatate of
Willets, 2006 WL 1041724 at *16-17(D. Haw. April 14, 2006).

As this court has explained:

> The law does not say that every failure to
> discipline an officer who has shot someone is
> evidence of a "whitewash" policy or some
> other policy of "sham" investigations. The
> law does not say that, whenever an
> investigative group accepts an officer's
> version over a victim's differing version,
> this acceptance establishes a policy for
> which a municipality may be held liable under § 1983.
> If that were the law, counties might
> as well never conduct internal investigations
> and might as well always admit liability.
> But that is not the law. The law clearly
> requires "something more."

17

Kanae v. Hodson, 294 F.Supp.2d 1179, 1191 (D. Haw. 2003).

Here, there is insufficient evidence that the investigation performed by the Office of Internal Affairs was a sham.  See Larez v. City of Los Angeles, 946 F.2d 630 (9th Cir. 1991) (concluding that the jury could find a custom based on the city's failure to reprimand when an expert testified that the investigation was a sham).

In Gomez v. Vernon, 255 F.3d 1118, 1127 (9th Cir. 2001) and Larez v. City of Los Angeles, 946 F.2d 630, 647 (9th Cir. 1991)) the Ninth Circuit Court of Appeals recognized municipal liability for multiple instances of known constitutional violations that went unredressed.  In Larez, the plaintiff had also introduced expert testimony that it was nearly impossible for an officer to be disciplined as a result of a citizen complaint and that a unit was allowed to investigate itself.  This case is unlike Gomez and Larez.  In this case, Plaintiff has not presented evidence of something more than a failure to discipline Officer Fleck for the incident in question.

### *Existence of Other Civilian Complaints and Civil Lawsuits*

Plaintiff's argument that the existence of other civil lawsuits or civilian complaints demonstrates that the City has a policy of inadequately investigating complaints or disciplining

18

its officers is also unpersuasive.   A list of complaints against police officers, without more, is insufficient to create an issue of fact regarding the City's policy of inadequately investigating or disciplining its police officers.  Rather, the Plaintiff must present at least some evidence from which a reasonable jury could infer that the complaints were meritorious.

The United States District Court for the Eastern District of California has addressed a situation similar to the one before this court.  In Hocking v. City of Roseville, 2008 WL 1808250 (E.D. Cal. April 22, 2008), the plaintiffs alleged that the city had a custom of inadequately investigating and disciplining its officers, and that this custom facilitated the officers' allegedly unlawful actions toward the plaintiffs.  The plaintiffs presented a chart summarizing each citizen complaint alleged against the city's police officers in the past five years, and the action taken by the city in response to each complaint.  The plaintiffs argued that the city "acquiesced in a custom that tolerated police misconduct by failing to adequately investigate citizen complaints and discipline officers." Id. at *5.  The court concluded that the plaintiffs failed to create a genuine issue of material fact regarding a city policy or custom because "[s]tatistics of unsustained complaints of excessive force and other police misconduct, without any evidence that those complaints had merit, does not suffice to establish municipal

19

liability under § 1983." Id.  The court noted that the plaintiffs failed to present any evidence "suggesting that more citizen complaints should have resulted in the discipline of police officers or that the City conducted biased investigations or otherwise ignored or improperly disposed of meritorious citizen complaints." Id.  Simms similarly fails to present any such evidence. See Strauss v. City of Chicago, 760 F.2d 765, 68-69 (7th Cir. 1985) (internal citation omitted) ("the number of complaints filed, without more, indicates nothing. People may file a complaint for many reasons, or for no reason at all. That they filed complaints does not indicate that the policies that [the plaintiff] alleges exist do in fact exist and did contribute to his injury.")  In discovery, Plaintiff asked for and received details of administrative complaints and investigations as to Officer Fleck.  Plaintiff also has access to civil lawsuit information because it is part of the public record.

According to the Declaration of George Clemente, Executive Officer/Chief Investigator for the Honolulu Police Commission, submitted by the City in support of its Motion for Partial Summary Judgment, in 2004, the year of Plaintiff's arrest, the Commission addressed allegations of excessive force, allegations of malicious use of force, and allegations of unnecessary use of force. (Clemente Decl. at 19.)  Two allegations of malicious use of force were sustained. (City SCSF at 42; Clement Decl. at 20.)

Plaintiff presents evidence that in 2002, there were complaints of excessive and unnecessary or malicious use of force, and that the Commission sustained only two of the unnecessary use of force complaints.  (Pl. SCSF at Exh. 8.)  Such statistics, without more, are insufficient to show that the HPD is failing to adequately investigate civilian complaints.

The civil cases Plaintiff relies upon are also not evidence of the HPD's failure to adequately enforce its policies against false arrest, excessive force, and discrimination.  Plaintiff points to a 1991 case against Officer Fleck, <u>Martelle v. Fleck, et al.</u>; Civ. No. 91-00642, D. Haw., filed Nov. 14, 1991.  The court records reflect that the parties settled that case and stipulated to its dismissal with prejudice.  (<u>See</u> <u>also</u> Supplemental Declaration and Errata at Exh. 18 (copy of complaint in <u>Martelle</u> case, Doc. 108.)

Plaintiff also points to a list summarizing the records of disciplinary actions taken against HPD employees, which the Hawaii Supreme Court ordered the City to produce in <u>State of Hawaii Organization of Police Officers v. Society of Professional Journalists-University of Hawaii Chapter</u>, 927 P.2d 386 (Haw. 1996).  The list identifies suspended or discharged police officers from 1989 to 1992. Officer Fleck is listed as having been suspended for a period of two days for assaulting a male prisoner at the Receiving Desk cell block on December 6, 1990.

This information does not advance Plaintiff's case.  It identifies disciplinary actions taken over 15 years ago prior to the enactment and implementation of HPD's current policies and does not contain sufficient detail from which a reasonable factfinder could conclude that the officers were not adequately disciplined.

The City's supplemental discovery responses also reveal that Officer Fleck received a written reprimand on January 19, 1992 regarding "Knowledge of Laws & Regulations; Obedience to Laws & Regulations; Conduct Toward the Public" and on November 6, 2006 for "Conduct Toward Superior & Subordinate Officers & Assoc.; Directives".  The City has produced documents of all complaints filed, and reprimands or disciplinary action taken, against Officer Fleck while employed with the HPD.  (Pl. Supplemental Declaration of Counsel Exhibit 18, Doc. 115.)  While Plaintiff has provided these documents to the Court, he has not made clear how they support Plaintiff's case against the City in this case.

Plaintiff also provides a list of "police brutality cases filed only in the Federal court in Honolulu from Feb. 2004 through Sept. 2007 against the City of Honolulu's HPD." (Declaration of Counsel at 11.)  The list provides only the case name, number, date filed, and judge assigned.  It does not provide any details as to the nature of the suit or as to the outcome of the case.

Plaintiff specifically lists <u>Miles Alexander v. City and County of Honolulu et al.,</u> (Civ. No. 06-00595 JMS-KSC, D. Haw., filed Nov. 3, 2006), <u>Vonta Perkins v. City and County of Honolulu, et al.</u> (Civ. No. 97-01551 SOM-FIY, D. Haw., filed Nov. 17, 1997) and <u>Antoine Lee Rumner v. City and County of Honolulu, et al.</u> (Civ. No. 94-00954 HG-BMK, D. Haw, filed Dec. 19, 1994). (Pl. SCSF at 41.)  Plaintiff's counsel in this case represented the plaintiff in each of these cases.  These cases either largely undermine, or do little to support, Plaintiff's argument. In <u>Alexander</u>, the court granted in part and denied in part the City's motion for summary judgment because the City failed to meet its initial burden on summary judgment by pointing to evidence demonstrating the plaintiff's failure to establish a prima facie case.  (Order at 16 ("On this basis alone, the court rejects the City and County's argument").  The case proceeded to trial against the City and the individual defendant police officer.  On July 21, 2008, the jury returned a verdict in favor of all defendants.  (Doc. 195.)

In <u>Runner</u>, this Court granted defendants' motion for summary judgment  (Doc. 73), and in <u>Perkins</u> the parties settled (Doc. 159.)

Moreover, the evidence presented in this case with regard to the City's liability is substantially similar to the evidence that was before the Court in <u>Christopher Bartolome v. City and</u>

County of Honolulu et al., Civ. No. 06-00176 SOM-LEK, a case
pending before the Honorable Judge Susan Oki Mollway.  In
Bartolome, the Court granted the City's motion for summary
judgment on the Plaintiff's failure to train and failure to
investigate or discipline claims.  The Court found evidence of
the number of civilian complaints filed compared to the number of
allegations upheld and officers disciplined, without more, to be
insufficient evidence that the City had a policy of inadequately
investigating complaints.

    The court in Bartolome recognized that the Plaintiff had
requested, in discovery, but was denied details of administrative
complaints and investigations.  The court found it sufficient
that the plaintiff had access to civil lawsuit information that
is a matter of public record.  The Court here, however, need not
reach that issue in this case because the only motion to compel
filed by Plaintiff was withdrawn in light of the City's
production of the documents requested (Doc. 60).  The issue of
whether or not Plaintiff ever requested or received discovery
regarding administrative complaints or internal investigations
involving officers other than Officer Fleck never came before
this Court.

    The Court did require the City to produce "all documents
regarding any complaints filed against defendant Llyle Fleck
while employed with the Honolulu Police Department" and "all

24

documents regarding reprimands or disciplinary action taken against defendant Llyle Fleck while employed with the Honolulu Police Department" as requested in Plaintiff's Rule 56(f) motion, but Plaintiff has not shown how such records establish that the City is deliberately indifferent to investigation civilian complaints against HPD police officers for false arrest or excessive force.

In sum, summary judgment in the City's favor is appropriate on Plaintiff's Seciton 1983 municipal liability claim because the Plaintiff has failed to present evidence to support a finding that the HPD has failed to properly implement its policies or to support a finding of the requisite elements of deliberate indifference.

## CONCLUSION

For the foregoing reasons,

(1)   The City's Motion for Partial Summary Judgment as to Plaintiff's Section 1983 against the City and County of Honolulu is **GRANTED;**

(2)   Causes of Action VI (false arrest), VII (malicious prosecution), and VIII (assault and battery) remain against the City and County of Honolulu;

(3)   Causes of Action I (Fourth Amendment false arrest and excessive force), II (Fourteenth Amendment equal

25

protection), VI (false arrest), VII (malicious

prosecution), VIII (assault and battery) remain against

Defendant Llyle Fleck;

    (4)   Cause of Action IX (Punitive Damages) remains against

Defendant Llyle Fleck, in his individual capacity.

IT IS SO ORDERED.

Dated: August 12, 2008, Honolulu, Hawaii.



    **/s/ Helen Gillmor**

    Chief United States District Judge

---

Simms v. City and County of Honolulu Police Department, et al.;
Civ. No. 06-00669 HG LEK; **ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' AMENDED MOTION TO DISMISS FOR FAILURE TO STATE A
CLAIM AND FOR FAILURE TO EFFECT PROPER SERVICE**